IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Akorn Holding Company LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No.: 23-10253 (KBO)<br><br>(Jointly Administered) |
| George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br>                Plaintiff,<br><br>vs.<br><br>Randstad US, LLC,<br>                Defendant. | Adv. Proc. No.: 25-50192 (KBO) |

## ANSWER OF RANDSTAD US, LLC

Defendant Randstad US, LLC ("***Randstad***") files this Answer to the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "***Complaint***") filed by George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.* (the "***Plaintiff***"), and in support hereof states the following:

GENERAL DENIAL

All allegations in the Complaint not expressly admitted herein are denied.

---

[1] The Debtors in the Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors and under the supervision of the Chapter 7 Trustee, who is George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al., and who is located at 1628 John F. Kennedy Blvd., Suite 950 Philadelphia, PA 19103.

4911-9203-3366

FIRST AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 547(c)(9), the transfers set forth in the Complaint that are less than $7,575 are not subject to avoidance, as this case does not deal with primarily consumer debts, and such transfers would be below the threshold set forth in 11 U.S.C. § 547(c)(9).

SECOND AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 547(c)(2), the transfers set forth in the Complaint are not subject to avoidance to the extent they were made or incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Randstad, and such transfers were (A) made in the ordinary course of business or financial affairs of the Debtors and Randstad or (B) made according to ordinary business terms.

THIRD AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 547(c)(4), the transfers set forth in the Complaint are not subject to avoidance because Randstad gave new value to or for the benefit of the Debtors not secured by otherwise avoidable security interest, and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Randstad.

Randstad reserves the right to raise additional affirmative defenses as information becomes available.

Randstad responds to the individually numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1. Paragraph 1 of the Complaint sets forth a general description of the proceeding containing conclusions of law to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint sets forth a general description of the proceeding containing conclusions of law to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 4 of the Complaint.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Randstad consents to the entry of a final order or judgment by the Court if it is determined that absent consent of the parties, the Court cannot enter final orders or judgment consistent with Article III of the United States Constitution.

6. Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 7 of

the Complaint.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 8 of the Complaint

## THE PARTIES

9. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint. To the extent a response is required, the allegations are denied.

10. Randstad admits the allegations in Paragraph 10 of the Complaint.

11. Randstad admits the allegations in Paragraph 11 of the Complaint.

## BACKGROUND

12. Randstad admits the allegations in Paragraph 12 of the Complaint.

13. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint. To the extent a response is required, the allegations are denied.

14. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint. To the extent a response is required, the allegations are denied.

15. Randstad admits the allegations in Paragraph 15 of the Complaint.

16. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint. To the extent a response is required, the allegations are denied.

17. Randstad admits the allegations in Paragraph 17 of the Complaint.

4911-9203-3366

18. Randstad admits the allegations in Paragraph 18 of the Complaint.

19. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint. To the extent a response is required, the allegations are denied.

20. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint. To the extent a response is required, the allegations are denied.

21. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint. To the extent a response is required, the allegations are denied.

22. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint. To the extent a response is required, the allegations are denied.

23. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint. To the extent a response is required, the allegations are denied.

24. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint. To the extent a response is required, the allegations are denied.

## CLAIMS FOR RELIEF
### COUNT I
(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

25. Randstad incorporates each and every response set forth above as if fully set forth herein.

26. Randstad admits the Transfers described in Paragraph 26 of the Complaint were made to or for the benefit of Randstad which was, during the Preference Period, a creditor of the Debtors.

27. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint. To the extent a response is required, Randstad denies the allegations in Paragraph 27 of the Complaint.

28. Randstad admits to being a creditor of the Debtors at the time of each Transfer by virtue of supplying services to the Debtors and admits the Debtors were obligated to pay. To the extent any further response is required, Randstad denies the allegations in Paragraph 28 of the Complaint.

29. Randstad admits it received certain payments from Debtors to or for the benefit of Randstad. To the extent any further response is required, Randstad denies the allegations in Paragraph 29 of the Complaint.

30. Randstad admits it received certain payments from Debtors for or on account of an antecedent debt owed by the Debtors to Randstad. To the extent any further response is required, Randstad denies the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint call for conclusions of law and, accordingly, no response is required. To the extent a response is required, Randstad is without

knowledge or information sufficient to form a belief as to the insolvency of the Debtors as described in Paragraph 31 of the Complaint, and therefore denies such allegations.

32. Randstad admits the Transfers set forth on Exhibit A purport to be within the Preference Period. To the extent any further response is required, Randstad denies the allegations in Paragraph 32 of the Complaint.

33. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint. To the extent a response is required, Randstad denies the allegations in Paragraph 33 of the Complaint.

34. Randstad is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint. To the extent a response is required, Randstad denies the allegations in Paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint call for conclusions of law and, accordingly, no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 35 of the Complaint.

## COUNT II
(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36. Randstad incorporates each and every response set forth above as if fully set forth herein.

37. The allegations in Paragraph 37 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 38 of the Complaint.

4911-9203-3366

## COUNT III
(Recovery of Property – 11 U.S.C. § 550)

39. Randstad incorporates each and every response set forth above as if fully set forth herein.

40. Paragraph 40 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 40 of the Complaint.

41. Randstad admits it was the initial transferee of the payments listed on Exhibit A. To the extent a further response is required, Randstad denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 47 of the Complaint.

## COUNT IV
(Disallowance of Claims – 11 U.S.C. § 502)

43. Randstad incorporates each and every response set forth above as if fully set forth herein.

44. Paragraph 44 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 44 of the Complaint.

45. Randstad admits it has not returned any alleged transfers to the Plaintiff as of the date of this Answer, but otherwise denies the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Randstad denies the allegations in Paragraph 46 of the Complaint.

PRAYER FOR RELIEF

Randstad denies the Plaintiff is entitled to any of the relief sought in the Complaint.

WHEREFORE, Randstad respectfully requests that the Court deny the relief requested in the Complaint, dismiss the action with prejudice, award fees and costs of defense to Randstad as may be appropriate, and grant such other and further relief as the Court deems just and proper.

Date:   July 23, 2025

> BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
>
> */s/ Mark I. Duedall*
> Mark I. Duedall (No. 3346)
> Monarch Plaza
> 3414 Peachtree Road, N.E., Suite 1500
> Atlanta, Georgia 30326
> Telephone: (404) 443-6774
> Facsimile: (404) 221-6501
> Email: mduedall@bakerdonelson.com
>
> *Counsel for Randstad US, LLC*

4911-9203-3366

CERTIFICATE OF SERVICE

      This is to certify that I have on this day electronically filed the ***Answer of Randstad US, LLC***, using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in this adversary proceeding.

Dated: July 23, 2025

                                            BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

                                            /s/ Mark I. Duedall
                                            Mark I. Duedall (No. 3346)
                                            Monarch Plaza
                                            3414 Peachtree Road, N.E., Suite 1500
                                            Atlanta, Georgia 30326
                                            Telephone: (404) 443-6774
                                            Facsimile: (404) 221-6501
                                            Email: mduedall@bakerdonelson.com

                                            *Counsel for Randstad US, LLC*

4911-9203-3366